NicholsON, C. J.,
delivered the opinion of the court.
On the 5th of November, 1867, a judgment was rendered in this case, in favor of the clerk and master, against R. C. Foster and H. H. Harrison, for |5,527.50.
At the April term, 1872, a judgment was rendered in the case, on motion, against J. B. Hall and John M.. Bass, on a note for $6,289.92, which note was made payable to H. H. Harrison, and was by him assigned to the clerk and master for the purpose of collecting the same and applying the proceeds in discharge of the aforesaid judgment against Foster and Harrison, which appears to have remained unsatisfied.
At the same term of the court, John M. Bass and J. B. Hall moved the court to set aside the judgment rendered against them on a former day of the term in favor of the clerk and master in this case.
After referring the matter to the clerk and master I to take proof and report the facts, as to how and under what circumstances and with what understanding, said note was assigned to the former clerk . and master, and after proof had been taken and a report made, the Chancellor was of opinion .that Hall and Bass were so far parties to the case that the judgment by motion was properly taken, and he therefore refused to set aside the judgment.
*642 From this ruling Bass has appealed to this court.
No rule is better, settled than that, in summary proceedings, everything mnst appear to show that the court had jurisdiction.
To authorize the judgment on motion against Hall and Bass, it was essential that they should be either real or quasi parties to the suit, and this fact must have appeared upon the face of the judgment.
On the face of this judgment, it appears that there was a judgment in the case in favor of the clerk and master against Foster and Harrison, and that Harrison had assigned to the clerk and master a note on Hall and Bass for the purpose of collecting the same and applying the proceeds to the satisfaction of the judgment against Foster and Harrison.
Were Hall and Bass made parties or quasi parties to the suit by the assignment by Harrison of their note to the clerk and master as collateral security for the judgment against Foster and Harrison?
It is perfectly clear that upon the face of the judgment as entered, Hall and Bass were neither parties nor quasi parties.
But it was competent for the Chancellor, during the term, to correct the recitals in the judgment, so as to show the true state of the facts.
In the final decrees, after the proof and the report of the clerk and master, it was ordered that said entry be so far corrected as to show the facts herein before stated, and particularly to show that the Arkansas land was mortgaged to secure the repayment of the money borrowed from the case, and that after *643 ward the said Hall gave his note, with John M. Bass as his surety, for the precise amount, intending at the time that it should be filed as a part of the assets of this case, and thereby making themselves parties to this suit.
The question is, whether the judgment with this correction in its recitals shows on its face that Hall and Bass were parties to’ the suit, or rather whether the proof taken by the clerk and master, and his report thereon, authorized the Chancellor to make the correction ?
The proof shows, and the clerk and master reports, that the note of Hall and Bass was made for the precise amount of the judgment against Foster and Harrison, and that Hall and Bass knew that . Harrison’s object was file it with the clerk and master as collateral security to the judgment against himself and Foster, and for his indemnity, or that of the clerk and .master.
But the proof further shows, and the clerk and master so reports, that there was no agreement or arrangement as to empowering or authorizing the clerk and master to take a judgment by motion on the note assigned to him, nor any waiver of ordinary legal proceedings in the premises.
Wothing seems to have been said by any of the parties about reducing said note to judgment.
In obedience to a former order, to report the amount of. money, bonds, etc., on hand belonging to this case, the clerk and master had reported the fact of the judgment of November 20,' 1867, and that he *644 held the note of Hall and Bass to secure the said judgment.
It appears from the report and proof that Foster had borrowed $5,000 of the funds in this case from the clerk and master, and had executed his note therefor with Harrison as his surety, and, that by way of indemnifying Harrison, Foster had mortgaged to him a tract of land in Arkansas.
This, however, was no part of the borrowing of the $5,000 from the clerk and master, but was a private transaction between Foster and Harrison.
The fact that the clerk and master might in certain contingencies have claimed the benefit of the security taken by Harrison, in no way connects the private transaction between Foster, and Harrison as to the Arkansas land with the case, nor was any notice thereof taken therein.
It appears, further, that Hall purchased the Arkansas land under Harrison’s mortgage, and executed to Harrison his note, with Bass as his surety, for the amount of the judgment in favor of the clerk and master against Foster and Harrison, which note Harrison took as his indemnity, and assigned to the clerk and master in order that, when paid, the money might be applied in satisfaction of the judgment against Foster and Harrison.
This was a private transaction between Harrison and Hall, made without any order of court, the judgment still remaining in full force, and the delivery of the note by Harrison to the clerk and master being in no respect noticed in the case.
*645 The clerk and master received and held the note, as collateral security for the judgment on his own responsibility, and without any order of court.
Upon these facts, we think it clear that the Chancellor erred in holding that Hall and Bass were parties or quasi parties to the suit, and for that reason liable to judgment by motion without notice; nor did they, by appearing for the purpose of having the judgment against them vacated, thereby waive their rights as to defense under regular legal proceedings.
The decree disallowing the motion to set aside the judgment is therefore reversed, and the judgment vacated in pursuance of the motion.
The costs of this court and of the court below will be paid by the petitioner.